IRL:jlk/7-9-18/15121-A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIC MARCHIONDA, et al., | ) | CASE NO. |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLSTATE PROPERTY AND | ) | **NOTICE OF REMOVAL BY** |
| CASUALTY INS. CO., | ) | **DEFENDANT ALLSTATE** |
| | ) | **PROPERTY AND CASUALTY** |
| Defendant. | ) | **INSURANCE COMPANY** |

Defendant, Allstate Property and Casualty Insurance Company, by and through counsel, WILLIAMS, MOLITERNO & SCULLY CO., L.P.A., and for the purpose of removing this case, pursuant to 28 U.S.C. § 1332 and § 1441 et seq., to the United States District Court for the Northern District of Ohio, states the following:

## I. State Court.

On or about December 8, 2017, plaintiffs, Dominic Marchionda and Jacqueline Marchionda, filed an action against defendant Allstate Property and Casualty Insurance Company in the Court of Common Pleas of Mahoning County, Ohio, which was assigned Case No. 2017 CV 03265 (hereinafter referred to as "State Court Action") on the docket of said court. As reflected on the docket of said court, the plaintiffs failed to obtain service on Allstate for many months. The court ultimately appointed a process server on June 11, 2018, and, upon information and

belief, Allstate was served with the Complaint on that date. This Notice of Removal is filed within thirty (30) days of June 11, 2018, the date of service on defendant Allstate. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b). These plaintiffs did previously file these claims in Mahoning County Common Pleas Court in the case assigned number 2015 CV 02806. But that case was voluntarily dismissed without prejudice.

## II.     Federal Jurisdiction.

This action is one in which this court has original jurisdiction under provisions 28 U.S.C. § 1332, because complete diversity exists between plaintiffs and defendant Allstate Property and Casualty Insurance Company, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this action is removable pursuant to 28 U.S.C. § 1441.

### a.     Complete Diversity of Citizenship.

At the time of the commencement of the State Court Action and at the time of removal, defendant Allstate is a corporation duly organized and existing pursuant to the laws of the State of Delaware. Allstate's principal place of business is in Illinois. In their Complaint, plaintiffs state they reside in Poland, Ohio. At all relevant times, they have been and are citizens of Ohio. Therefore, complete diversity of citizenship exists between plaintiffs Machionda and defendant Allstate.

### b.     Amount in Controversy.

In their Complaint, plaintiffs seek judgment for an amount exceeding $25,000.00 in compensatory damages. They also seek punitive damages. Their claim arises from a dispute as to the value of a homeowners insurance claim regarding alleged roof damage from a wind storm. Plaintiffs submitted to Allstate a repair estimate in the amount of $79,304.83, which they claim they are due as damages in the case. (Exhibit "D.") Therefore, the amount in controversy exceeds

$75,000.00.

### III. Venue.

Venue of this removal action is proper under 28 U.S.C. § 1441(a) because this court is the United States District Court for the District and Division corresponding to the place where the State Court Action was pending.

### IV. Court Documents Attached.

A copy of plaintiff's' Complaint in the State Court action is attached as Exhibit "A." A copy of defendant Allstate's Notice of Appearance in the State court action is attached as Exhibit "B". A copy of defendant Allstate's Answer filed in the State court action is attached as Exhibit "C." A copy of plaintiffs' repair estimate establishing the amount in controversy is attached as Exhibit "D."

### V. Relief Requested.

Defendant Allstate Property and Casualty Insurance Company respectfully requests this court accept this Notice of Removal and that it assume jurisdiction of this litigation and issue such further Orders as may be necessary for the trial thereof.

### VI. Other Removal Requirements.

Promptly after the filing of this Notice of Removal, defendant Allstate shall provide Notice of the Removal to the plaintiffs and to the Clerk of Courts in the State court action as required by 28 U.S.C. § 1446(d). Defendant Allstate reserves all rights and defenses, and the filing of this Notice of Removal is subject to and without waiver of, any defense or rights.



Respectfully submitted,

WILLIAMS, MOLITERNO & SCULLY CO., L.P.A.

By: **/s/ Ian R. Luschin**
IAN R. LUSCHIN  (0079349)
Attorney for Defendant
Allstate Property and Casualty
Insurance Company
2 Summit Park Drive, Suite 235
Cleveland, OH 44131
Tele:  330-405-5061 / Fax:  330-405-5586
Email:  iluschin@wmslawohio.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically in accordance with this Court's electronic filing guidelines on the 10th day of July, 2018.  Notice of this filing will be sent via this Court's electronic filing system.  The foregoing has also been served by ordinary U.S. Mail, postage prepaid, upon all counsel of record, as well as any counsel/parties who are not sent electronic notification.

Dominic Machionda
Jacqueline Marchionda
7886 Via Atillio
Poland, OH 44514-5346
Pro Se Plaintiffs

WILLIAMS, MOLITERNO & SCULLY CO., L.P.A.

By: **/s/ Ian R. Luschin**
IAN R. LUSCHIN (0079349)
Attorney for Defendant
Allstate Property and Casualty
Insurance Company

4